No. 3708.

(Court of Appeal, Parish of Orleans.)

## THE NEW ORLEANS POLYCLINIC vs. BOARD OF ASSESSORS.

Appeal from Civil District Court, Division "D."

Charles J. Theard, for Plaintiff and Appellee.

E. K. Skinner and F. C. Zacharie, for Defendant and Appellant.

1. Questions of exemption from taxation are within the exclusive jurisdiction of the Supreme Court.

2. The tax collector's attorney's fees are a mere incident of the suit and go with it, and, since the acquiescence in the judgment by plaintiff's payment of the tax, the claim for such fees is all that is left of the case.

3. This amount is below our minimum jurisdiction in appeals from the District Courts, even if we assume that we might properly deal with the question of costs or penalties in cases appealable to the Supreme Court.

4. Act 56 of 1904 authorizes us to transfer causes to the Supreme Court for such action as it may deem proper, instead of dismissing the appeal. Cause transferred.

DUFOUR, J. The present suit has for its purpose the cancellation of an assessment on the ground that the property was exempted from taxation under Art. 230 of the Constitution.

It was admitted at bar that, after a decision adverse to its contention, the plaintiff paid the tax; whereupon the attorney for the tax collector asked that the case be reopened in order that he might be allowed a commission of $26.93 which he claimed.

This was declined by the trial judge, and an appeal has been taken to this Court.

We are clearly without jurisdiction in the premises, questions

317

of exemption from taxation being within the exclusive jurisdiction of the Supreme Court.

The claim for fees is a mere incident of the suit and goes with it, and, since the acquiescence in the judgment, is all that is left of the suit.

This amount is below our minimum jurisdiction in appeals from District Courts, even if we assume that we could deal with the question of costs or penalties cases appealable to the Supreme Court.

Whether, under the state of facts disclosed, the Supreme Court has jurisdiction, is a matter which it must itself determine.

Since the enactment of Act 56 of 1904, where the appellant has appealed to the wrong Court, it has become the duty of the Supreme Court and the Courts of Appeal to transfer the cause to the proper Court instead of dismissing the appeal.

But the appellant, previous to such transfer, must make oath that the appeal was not made for purposes of delay, and the judges of either Court shall regulate the costs incurred by appellant and the proceedings to be had in such cases.

It is therefore ordered, adjudged and decreed that this appeal be transferred to the Supreme Court of the State of Louisiana, upon the appellant or his attorney of record making out and filing with the Clerk of this Court on or before the 17th day of May, 1905, his affidavit that the appeal herein was not made for purpose of delay, and further, upon the said appellant lodging with the Clerk of the Supreme Court of this State on or before the 1st day of June, 1905, a full and complete transcript of this case made and certified to in the manner and form required by the rules of the Supreme Court for transcripts in appeals taken directly to that Court, together with a certified copy of this decree and the affidavit herein referred to, all costs incurred in this Court to be taxed against the appellant.